### 31238. SIMONTON v. SAULS.

GARDNER, J. 1. Mrs. Jurelle Sauls brought suit against Mrs. Odessa Simonton for the recovery of damages for an alleged assault and battery which the defendant unjustifiably committed upon the person of the plaintiff. The defendant answered, denying liability to the plaintiff. She also, in the nature of a cross-action, sought recovery of damages against the plaintiff for alleged physical injuries inflicted upon the defendant by an unjustified alleged assault and battery. The jury returned a verdict in favor of the plaintiff. The defendant filed a motion for a new trial, which was overruled, and error is assigned on this judgment. The trial was somewhat lengthy. The brief of evidence, consisting of approximately 66 pages, is not in accordance with the requirements. The greater portion of it consists of questions and answers from the transcript. However, we have studied it very carefully. The evidence is in sharp conflict on the material issues, and presents an issue of fact for the exclusive determination of the jury. The issues of fact were resolved by the jury against the defendant. The evidence amply authorized the verdict. In addition to the evidence, as to whether the plaintiff or the defendant was justified in the fight between them, appears the evidence of the witnesses who were introduced by the plaintiff as to the reputation for bad character of the defendant and her unworthiness of belief. On this issue the defendant introduced one witness to sustain her good character. The jury were authorized to find that the defendant, without justification, unlawfully attacked and beat the plaintiff, inflicting serious injuries upon her. It would serve no good purpose to detail further the evidence here. The assignments of error on the general grounds are without merit.

2. The only special ground assigns error: "Because the court erred in excluding from the consideration of the jury any and all testimony offered tending *to show the location of the disputed line* between the

property of Mrs. Odessa Simonton, the defendant, and Mrs. Jurelle Sauls and her husband." In this ground it is contended, "error being in thus excluding this testimony that one of the main contentions of the defendant in said case was that continuous trespasses were being committed upon her property by the plaintiff, and that at the time of the altercation between the defendant and plaintiff the said plaintiff was invading her property rights and began an assault upon the defendant on defendant's own property, this tending to show a motive and desire upon the part of the plaintiff to inflict damage and injury by an assault upon the defendant." The plaintiff and her husband owned a lot or tract of land in the City of Winder on which they conducted a general mercantile store. The lot of the plaintiff was adjacent to the lot of the defendant on which the defendant had located her home and residence. From the evidence there arose a dispute as to the dividing line between the two lots. This dispute engendered bad feelings between the parties prior to the fight on which the action in the instant case was based. The immediate cause of the fight in question concerned a cow which the defendant had tied out to graze near a hedge between the store of the plaintiff and the dwelling of the defendant. The gist of the assignment of error in this special ground is based on the fact that the court excluded testimony as to the location of the true dividing line between the parties. The instant suit is for the recovery of damages for personal injuries inflicted by assault and battery. We think that the court was eminently correct in confining the evidence to the issue whether the parties were justified in beating each other. The law provides sufficient remedies to establish the true dividing line where such occasion arises. The law does not recognize or approve beating another as a remedy to establish the location of a dividing line between owners. It is true that the existence of bad feelings between parties may be pleaded and proved as an inducement to a physical encounter. Throughout the evidence, as revealed from the record, the trial judge was very patient and liberal in allowing both sides to air their bad feelings which arose from the dividing line in controversy. But he did not commit error in excluding evidence as to what was the true dividing line between them. Under the pleadings, that was another and different cause of action from the one on trial in the instant case. The contentions set out in this ground show no error.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JUNE 13, 1946.

*G. A. Johns, Marvin A. Allison,* for plaintiff in error.
*Joseph D. Quillian,* contra.